# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 3:14-bk-09118 |
| VISTA-PRO AUTOMOTIVE, LLC, ) | Judge Mashburn |
| ) | Chapter 11 |
| Debtor. ) | |

**OFFICIAL UNSECURED CREDITORS COMMITTEE'S OBJECTION
TO HUBBARD FRANKLIN CAPITAL, LLC'S PROOF OF CLAIM**

The Official Unsecured Creditors Committee (the "Committee"), for its objection to the *Proof of Claim* (Claim No. 15) filed by Hubbard Franklin Capital, LLC ("Hubbard Franklin") pursuant to Fed. R. Bankr. P. 3007 and Local Rule 3007-1[1], states as follows:

## BACKGROUND

1. On November 17, 2014, Shanghai Shengming Automobile Parts Manufacturing Co., Ltd., Hangzhou Funsota Imp&Exp Trading Co., Ltd., and Maxx Fulfillment, LLC filed the Chapter 7 *Involuntary Petition* (Docket No. 1) against the Debtor Vista-Pro Automotive, LLC (the "Debtor").

2. On December 16, 2014, the Court entered the *Agreed Order of Relief* (Docket No. 28) converting the case to a Chapter 11 case.

3. On December 31, 2014, the U.S. Trustee appointed the Committee (Docket No. 86).

4. The Debtor is in possession of its property and is managing its affairs as Debtor-in-Possession. No examiner or trustee has been appointed.

---

[1] The Declaration of Robert J. Mendes is attached as <u>Exhibit 1</u>, as required under Local Rule 3007-1.

## OBJECTION

5.  Hubbard Franklin filed a proof of claim in the amount of $26,955,106.17. Hubbard Franklin alleges its claim is secured by a lien on substantially all of the Debtor's assets.

6.  As demonstrated in the proof of claim filed by Hubbard Franklin, the Debtor did not become obligated to Hubbard Franklin in any way until November 30, 2012, which was less than two years before the Petition Date. Before then, and even prior to the Debtor having been formed, Hubbard Franklin loaned funds to some of the companies that became the Debtor's subsidiaries. Before November 30, 2012, only the Debtor's subsidiaries owed money to Hubbard Franklin; the Debtor was not obligated to Hubbard Franklin.

7.  In the Debtor's consolidated financial statements as of December 31, 2011 (copy attached as <u>Exhibit 2</u>), the Debtor indicates that it owned all of the membership interest of Hubbard Franklin (See Note 1 of the Financial Statements).

8.  This means that, prior to November 30, 2012, Hubbard Franklin was one the Debtor's several wholly-owned subsidiaries. Hubbard Franklin was therefore the corporate sibling of the entities that remain the Debtor's subsidiaries today.

9.  In Note 2, the financial statements state that "[s]ignificant intercompany accounts and transactions have been eliminated." This means that, in the Debtor's 2011 audited financials attached as Exhibit 1, no debt to Hubbard Franklin was included at all. It was simply an intercompany account or transaction among the subsidiaries of the Debtor.

10. Then on November 30, 2012, the Debtor executed legal documents that accomplished at least two things: (a) for the first time, the Debtor agreed to become obligated on the existing debt owed to Hubbard Franklin; and (b) the Debtor assigned 100% of the ownership interest in Hubbard Franklin to the Debtor's equity owners. The Assignment of Membership Interests is attached as <u>Exhibit 3</u>.

11. In summary, before November 30, 2012, the Debtor owned 100% of Hubbard Franklin and did not owe Hubbard Franklin any money; after November 30, 2012, the Debtor's equity owners then owned 100% of Hubbard Franklin and the Debtor owed Hubbard Franklin tens of millions of dollars.

12. Based on the Debtor's 2011 financial statements, the addition of the Hubbard Franklin loan to the Debtor's liabilities, and the Debtor's inability to pay its debts after the transaction, the Debtor was insolvent or became insolvent as a result of the November 30, 2012 transactions.

13. Hubbard Franklin's claim is avoidable pursuant to 11 U.S.C. §§ 544, 548, and 550, and the Committee intends to pursue an adversary proceeding against Hubbard Franklin to avoid the purported loan and lien that are the basis for its proof of claim.

14. As a result, the Hubbard Franklin Proof of Claim should be disallowed pursuant to 11 U.S.C. § 502(d).

WHEREFORE, the Committee requests that this Honorable Court disallow the Hubbard Franklin Proof of Claim.

3
Case 3:14-bk-09118   Doc 310   Filed 05/01/15   Entered 05/01/15 16:20:16   Desc Main
Document   Page 3 of 4

Respectfully submitted,

/s/ R. Mark Donnell, Jr.
Robert J. Mendes
R. Mark Donnell, Jr.
Waypoint Law PLLC
424 Church Street, Suite 2000
Nashville, Tennessee 37219
615.756.3500 Phone
bmendes@waypointlaw.com
mdonnell@waypointlaw.com

*Attorneys for the Official
Unsecured Creditors Committee*

## CERTIFICATE OF SERVICE

It is hereby certified that on this the 1st day of May, 2015, a true and correct copy of the foregoing was served via ECF upon the parties consenting to electronic service in this case

/s/ R. Mark Donnell, Jr.